997 So.2d 527 (2008)
In re Morris REED, Jr.
No. 2007-OB-1990.
Supreme Court of Louisiana.
October 21, 2008.
Law Office of Morris W. Reed, Morris Winding Reed, New Orleans, for applicant.
Richard Anthony Goins, New Orleans, Monique Rene Drake, Scott Thomas Whittaker, New Orleans, for respondent.

*528 ON APPLICATION FOR ADMISSION TO THE BAR
PER CURIAM.
The Committee on Bar Admissions ("Committee") opposed the application of petitioner, Morris Reed, Jr., to sit for the Louisiana Bar Examination based on character and fitness concerns relating to his arrest record and conviction of one DWI offense. We subsequently granted petitioner permission to sit for the bar exam, with the condition that upon his successful completion of the exam, he apply to the court for the appointment of a commissioner to take character and fitness evidence.[1]
Petitioner thereafter successfully passed the essay portion of the bar exam, and upon his application, we appointed a commissioner to take evidence and report to this court whether petitioner possesses the appropriate character and fitness to be admitted to the bar and allowed to practice law in the State of Louisiana. We also authorized the Office of Disciplinary Counsel to conduct an investigation into petitioner's qualifications to be admitted to the bar.
The commissioner conducted a character and fitness hearing in March 2008, pursuant to Supreme Court Rule XVII, § 9(B). The commissioner received documentary evidence and heard testimony given by petitioner and his witnesses. At the conclusion of the hearing, the commissioner filed his report with this court, recommending that petitioner be conditionally admitted to the practice of law in Louisiana. The Committee objected to that recommendation, and oral argument was conducted before this court pursuant to Supreme Court Rule XVII, § 9(B)(3).
After reviewing the evidence and considering the law, we conclude petitioner is eligible to be admitted to the practice of law in Louisiana, subject to the following conditions:
1. The term of this conditional admission shall be for two years from the date of admission.
2. During the period of this conditional admission, petitioner shall participate in a counseling program approved by the Office of Disciplinary Counsel.
3. Petitioner shall be responsible for ensuring that monthly reports of his progress and participation in the program are forwarded to the Office of Disciplinary Counsel.
4. Within thirty days of the conclusion of the program, a final report of petitioner's progress and participation therein shall be forwarded to the Office of Disciplinary Counsel.
5. Within thirty days prior to the expiration of the conditional admission, the Office of Disciplinary Counsel shall file a report in this court in which it shall recommend to the court that the conditional admission be allowed to terminate or be extended.
6. Petitioner shall cooperate with the Office of Disciplinary Counsel, and shall comply with any and all requirements imposed upon him by the Office of Disciplinary Counsel.
Should petitioner fail to make a good faith effort to satisfy these conditions, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement.
*529 CONDITIONAL ADMISSION GRANTED.
NOTES
[1] In re: Reed, 05-1812 (La.7/13/05), 905 So.2d 1084.